**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cynthia Hurst,<br><br>Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: 5:25CV1452<br><br>JUDGE JOHN ADAMS<br><br>**MEMORANDUM OF OPINION AND ORDER**<br><br>**(Resolves Docs. 27)** |

Pending before the Court is Defendant Tradebloc, Inc.'s motion to vacate default judgment. Doc. 27. Plaintiff Cynthia Hurst has opposed the motion, and Tradebloc has replied in support. Upon review, the motion is GRANTED. Default judgment is hereby VACATED. Tradebloc shall respond to the complaint within ten days of this Order.

The seminal case in this circuit on Rule 60(b) motions to vacate default judgments is *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir.1983). In *United Coin Meter,* the Court held that Rule 60(b) is to be applied "equitably and liberally" in considering motions to vacate defaults and default judgments, *id*. at 845, and that the same factors that control a motion to vacate an entry of default under Rule 55(c) are also applicable in determining whether to vacate a default judgment: (1) whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense;

and (3) whether the proponent's culpable conduct led to the default. *Id*.

In *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992), the Circuit made it clear that a party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct. That burden may be carried only by meeting the requirements of Rule 60(b)(1), that is, by "demonstrat[ing] that his default was the product of mistake, inadvertence, surprise, or excusable neglect." *Waifersong*, 976 F.2d at 292. Only if the moving party makes this showing may the district court proceed to consider the other *United Coin Meter* factors. *Id*.

> The courts have defined neglect to include late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control. Although Rule 60(b)(1) does not define the term excusable neglect, the courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith.

*Burley v. Bosch Americas Corporation*, 75 Fed.Appx. 329, 333 (6th Cir. August 27, 2003)(citations and quotations omitted).

The parties appear to largely agree on the acts that led to default judgment. Following service, counsel for Tradebloc contacted counsel for Hurst to determine whether settlement negotiations could occur before an answer was filed. This initial communication from defense counsel occurred on October 27, 2025. On November 5, 2025, defense counsel requested an extension of time to answer while settlement discussions occurred. Hurst's counsel agreed to an initial extension. On November 6, 2025, Hurst sent her demand to defense counsel. On November 13, 2025, defense counsel requested that the offer remain open until December 5, 2025. Hurst's counsel agreed but indicated that it was

unlikely that his client would "agree to further extensions on the answer unless it looks like there is a reasonable chance of settling." On December 4, 2025, defense counsel once again asked that the offer remain open – this time until December 12, 2025. On December 12, 2025, Tradebloc sent its counteroffer to Hurst. It appears that no further communication occurred between counsel after that date. Hurst ultimately moved for default on December 29, 2025 and default judgment on January 21, 2026 after prompting from an order of this Court. Hurst did not mention any of the discussions between counsel when seeking default judgment.

The Court finds that Tradebloc's counsel satisfies both the excusable neglect and mistake standard. The only prejudice to Hurst will be the requirement to litigate her claim. The delay was minimal given counsel's mistaken belief that negotiations were still ongoing. There will be no impact on judicial proceedings beyond litigating Hurst's claim on the merits. Finally, it is clear from the parties' filings that defense counsel mistakenly believed that Tradebloc's time to answer was extended while negotiations were ongoing. While that belief may have been mistaken given the parties' communication, it was not so egregiously mistaken to warrant a default judgment for over $180,000.

Finally, the Court agrees that Tradebloc has set forth the basis for a meritorious defense. A claim is meritorious if there is "some possibility" that the lawsuit's outcome would be different. *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006). Tradebloc has put forth argument that at least one of Hurst's claims is foreclosed by her own allegations. Given those assertions, there is undoubtedly "some possibility" that final judgment will differ from the default judgment.

As detailed above in the Court's excusable neglect review, there is no danger of

prejudice to Hurst from vacating the default judgment. Accordingly, the motion to vacate default judgment is GRANTED. This matter is REOPENED with respect to only Tradebloc. Tradebloc shall answer or otherwise respond to the complaint within 10 days of this Order.

IT IS SO ORDERED.

August 31, 2026
Date

*/s/ Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT